**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4079**

UNITED STATES OF AMERICA,

    Plaintiff – Appellee,

  v.

DAMON PENN,

    Defendant – Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore.  Catherine C. Blake, District Judge. (1:08-cr-00554-CCB-1)

Submitted:  March 24, 2011   Decided:  August 18, 2011

Before WILKINSON, DUNCAN, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Ebise Bayisa, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenbelt, Maryland, for Appellant.  Paul Michael Cunningham, Assistant United States Attorney, Rachel Miller Yasser, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Damon Penn appeals the 180-month sentence imposed following his guilty plea[1] to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2006). On appeal, Penn argues that the district court erred by denying his motion to suppress a firearm that officers seized from his car after he was pulled over for a broken tail light and arrested for driving with a suspended license. Finding no reversible error, we affirm.

We review the factual findings underlying a district court's ruling on a motion to suppress for clear error and the court's legal conclusions de novo. United States v. Kelly, 592 F.3d 586, 589 (4th Cir.), cert. denied, 130 S. Ct. 3374 (2010). When evaluating the denial of a suppression motion, we construe the evidence in the light most favorable to the government, the prevailing party below. Id.

In enforcing the Fourth Amendment's "guarantees of sanctity of the home and inviolability of the person," the exclusionary rule operates to require the suppression of evidence that is the fruit of unlawful police conduct. Wong Sun v. United States, 371 U.S. 471, 484 (1963). However,

---

[1] Penn reserved his right to appeal the district court's denial of his motion to suppress.

evidence obtained during a search conducted unlawfully but "in reasonable reliance on binding precedent is not subject to the exclusionary rule."  Davis v. United States, 131 S. Ct. 2419, 2429 (2011).

In New York v. Belton, 453 U.S. 454, 459-60 (1981), the United States Supreme Court held that a police officer does not violate the Fourth Amendment when he searches the passenger compartment of an automobile subsequent to a lawful custodial arrest.  In 2009, however, the Supreme Court in Arizona v. Gant, 129 S. Ct. 1710 (2009), clarified Belton by holding that police may conduct an automobile search incident to a lawful arrest only when the arrestee is unsecured and within reaching distance of the passenger compartment or when it is "reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle."  129 S. Ct. at 1719.

Here, the gun was seized pursuant to an unlawful warrantless search of Penn's car under Gant; the search was conducted after Penn was already detained and outside reaching distance of the passenger compartment, and it was not reasonable to believe the evidence of his license suspension would be found in the car.  Nonetheless, we hold that the district court did not err in admitting the evidence.  Police searched Penn's car on July 1, 2008, over ten months before Gant was decided and pursuant to this court's interpretation of Belton, which

authorized an automobile search incident to a recent occupant's arrest.  See United States v. Milton, 52 F.3d 78, 80 (4th Cir. 1995).  Thus, we hold that the exclusionary rule did not apply to the evidence seized during the arrest.

Accordingly, we affirm the district court's judgment.[2] Because Penn is represented by counsel who has filed an extensive brief on the merits, we deny his motion to file a pro se supplemental brief.  See Fed. R. App. P. 28(a), (c).  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[2] In affirming the denial of a motion to suppress, "we are not limited to evaluation of the grounds offered by the district court to support its decision, but may affirm on any grounds apparent from the record."  United States v. Smith, 395 F.3d 516, 519 (4th Cir. 2005).